## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOHN MARTIN CABELLO, | ) | |
| ID # 39132-177, | ) | |
| Movant, | ) | |
| | ) | No. 3:20-CV-1438-M-BH |
| vs. | ) | No. 3:16-CR-415-M(2) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on June 1, 2020 (doc. 1), should be **DENIED** with prejudice.

### I.      BACKGROUND

John Martin Cabello (Movant) challenges his federal conviction and sentence in Cause No. 3:16-CR-415-M(2).  The respondent is the United States of America (Government).

### A.      Conviction and Sentencing

On September 21, 2016, Movant and a co-defendant were charged by indictment with one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), 846.  (*See* doc. 1.)[2]  Movant pled guilty to the single count of the indictment on May 2, 2017.  (*See* doc. 43.)  In support of his guilty plea, he submitted a factual resume that set out the maximum penalties and essential elements of the offense.  (*See* doc. 35 at 1-2.)[3]  In it, he admitted

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:16-CR-415-M(2).

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

that: (1) he rode as a passenger with the co-defendant to a gas station in Dallas, Texas, to pick up nine ounces of methamphetamine from a distributor; (2) a traffic stop was conducted after they picked up the methamphetamine; (3) the co-defendant gave officers consent to search the vehicle; and (4) officers found approximately one kilogram of methamphetamine in the vehicle. (*See id.* at 2.) At his re-arraignment, Movant acknowledged under oath that he understood and committed each of the essential elements of the offense, he knew and understood everything stated in the factual resume, and the facts stipulated in the factual resume were true and correct. (*See* doc. 94 at 8-13.) He also affirmed his understanding that the Court was not bound by facts stipulated by Movant and could either disregard stipulated facts or consider non-stipulated facts when imposing punishment. (*See id.* at 7.)

On August 14, 2017, the United States Probation Office (USPO) prepared a Presentence Investigation Report (PSR) in which it applied the 2016 United States Sentencing Guidelines Manual. (*See* doc. 55-1 at ¶ 26.) The PSR noted that law enforcement found 13.13 grams of heroin, 1,001.61 grams of methamphetamine with a purity of 97% (resulting in 971.56 grams of methamphetamine actual), and a firearm in the center console of the vehicle Movant and the co-defendant were occupying at the time of the traffic stop and their arrests. (*See id.* at ¶ 16.) The marijuana equivalent of the drug quantities was 19,444.33 kilograms. (*See id.* at ¶ 20.) After applying the drug quantity table under U.S.S.G. § 2D1.1(c)(3), the PSR calculated a base offense level of 34. (*See id.* at ¶ 27.) Two levels were added for possession of a firearm under U.S.S.G. § 2D1.1(b)(1) based on the firearm found in the vehicle search, and three levels were deducted for acceptance of responsibility, resulting in a total offense level of 33. (*See id.* at ¶¶ 28, 34-36.) Based on a total offense level of 33 and a criminal history category of V, the guideline imprisonment range was 210 to 262 months. (*See id.* at ¶ 88.) Because the statutory maximum

sentence for the offense was 240 months' imprisonment, the guideline imprisonment range became 210 to 240 months. (*See id.*)

On August 28, 2017, Movant filed objections to the PSR, in which he objected to the assessed criminal history points and to his failure to receive a two-level mitigating role reduction under U.S.S.G. § 3B1.2 for being a minor participant in the offense. (*See* doc. 57 at 1-4.) The USPO submitted an addendum to the PSR on September 12, 2017, in which it addressed Movant's objections. (*See* doc. 59-1.) It determined that Movant did not meet the provisions for a mitigating role reduction under § 3B1.2 as a minor participant and stated that no changes would be made to the guideline computations. (*See id.* at 1-2.) The addendum accepted the objection to his criminal history points, but his criminal history category remained unchanged. (*See id.* at 3.)

At the sentencing hearing on November 20, 2017, the Court heard evidence, testimony, and arguments on Movant's objection to the lack of a mitigating role reduction for being a minor participant.[4] (*See* doc. 95 at 4-14.) Movant's counsel also argued that the co-defendant had made conflicting statements about the firearm, and that Movant claimed he had not given the firearm to his co-defendant and did not know it was in the vehicle; counsel advised the Court that Movant wanted to object to the two-level firearm enhancement, but based on existing law, counsel believed knowledge of the firearm was not necessary for the enhancement, so the objection had not been filed. (*See id.* at 6-7.) The Court overruled Movant's objection to the lack of a mitigating role reduction, stating that it would have found Movant responsible for the firearm regardless of whether he knew it was present in the vehicle, based on the law, nature of, and circumstances surrounding the offense. (*See id.* at 4-14, 37-38.) By judgment dated December 27, 2017, Movant

---

[4] Because Movant committed the offense in the underlying criminal case while on supervised release in a prior federal case, the Court also revoked Movant's supervised release and imposed a sentence for violation of his conditions of supervised release in the other federal case at the sentencing hearing. (*See* doc. 95 at 33-34.)

was sentenced to 210 months' imprisonment, to be followed by a three-year term of supervised release.  (*See* doc. 89 at 1-3.)

On appeal, Movant challenged the imposition of one of the standard conditions of his supervised release as substantively unreasonable.  *See United States v. Cabello*, 916 F.3d 543, 544 (5th Cir. 2019).  The Fifth Circuit affirmed the judgment on February 22, 2019.  *See id.*  Movant did not file a petition for a writ of certiorari with the Supreme Court.

## B.   <u>Substantive Claims</u>

Movant's § 2255 motion states one ground for relief: "Ineffective assistance of counsel." (No. 3:20-CV-1438-M-BH, doc. 1 at 4.)  He asserts that "he was denied effective counse [sic] on appeal," and alleges that appellate counsel was ineffective regarding:

(1) [T]he preserved sentencing issues;

(2) Failuer [sic] to prove entrapment or falsifying statements;

(3) The government never made know [sic] to the court its official rights to subject matter jurisdiction; and

(4) [F]ail[ure] to appeal trials [sic] attorney's failer [sic] to object to the Court allowing the government to submitt [sic] a [sic] inconsistent, non recorded [sic] statement, that was said to have been given at two conflicting times.

(*Id.*, doc. 1 at 4-7.)  On October 7, 2020, the Government filed a response.  (*See id.*, doc. 9.)  On November 4, 2021, Movant filed a "supplement" to his § 2255 motion raising additional grounds for relief:

(1) Before accepting a plea of guilty the Court must inform a defendant of, and confirm that he understands the charge to which he is pleading to, and consequences of his guilty plea Fed. R. Crim. P. 11(b)(1)(G) (Amended Ground 1);

(2) Under the exclusionary Rule [sic], evidence obtained as a direct result of an illegal search or seizure, Fourth Amendment violation (Amended Ground 2);

(3) Failure of government to allow coerced statements to the court of co-defendant

4

that was not presented through discovery (Amended Ground 3); and

(4) Violation of [Movant's] substantial rights as a direct result of Ineffective Assistance of Counsel (Amended Ground 4).

(*Id.*, doc. 17 at 7-8.)

## II.      SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review.  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).  Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error.  *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).  The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III.      TIMELINESS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd*

*v. United States*, 545 U.S. 353, 354 (2005).  It states:

> A 1-year period of limitation shall apply to a motion under this section.   The limitation period shall run from the latest of—
>
> (1)   The date on which the judgment of conviction becomes final;
>
> (2)   The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  With regard to § 2255(f)(1), the judgment was affirmed on February 22, 2019.  *See Cabello*, 916 F.3d at 544.  The judgment of conviction became final on May 22, 2019, when the ninety-day period for filing a certiorari petition with the Supreme Court expired.  *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").  Movant therefore had until May 22, 2020, to file a timely § 2255 motion.

## A.   Original § 2255 Motion

The Government contends that the original § 2255 motion is time-barred.  (*See* No. 3:20-CV-1438-M-BH, doc. 9 at 5, 14-16.)

Movant's original § 2255 motion was received by the Court on June 1, 2020.  (*See id.*, doc. 1 at 1, 21.)  Under the prison mailbox rule, a civil action filed by a prisoner is deemed filed when the prisoner delivers the pleadings to prison authorities for mailing to the court.  *See generally Causey v. Cain*, 450 F.3d 601, 604 (5th Cir.2006) (citing *Houston v. Lack*, 487 U.S. 266, 270-71

(1988)); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir.1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Here, Movant did not date the § 2255 motion, but the envelope in which it was received has a return address of Movant's place of incarceration, a USPS postmark date of May 22, 2020, and a handwritten date of May 22, 2020, on the reverse side.[5] (*See* No. 3:20-CV-1438-M-BH, doc. 1 at 21-22.) It therefore appears that the § 2255 motion was received by prison authorities for mailing no later than May 22, 2020.

The Government does not provide any evidence to show that Movant failed to deliver the original § 2255 motion to prison authorities within the limitations period or that the prison mailbox rule is otherwise inapplicable. Based on this record, it is not apparent that Movant failed to place his § 2255 motion in the prison mailing system by May 22, 2020, the last date of the one-year limitations period, and that it was therefore untimely.

## B.    Supplemental § 2255 Motion

On November 4, 2021, over 17 months after his limitations period expired, Movant's supplemental § 2255 motion was received, raising new grounds for relief based on alleged court error under Federal Rule of Criminal Procedure 11 relating to his guilty plea, violations of the Fourth Amendment, introduction by the Government of alleged coerced statements from the co-defendant, and ineffective assistance of counsel. (*See* No. 3:20-CV-1438-M-BH, doc. 17 at 7-8.) He appears to allege that trial counsel: (1) "did not advise him that he was being sentenced under the leadership role, that [Movant] was being sentenced/enhanced due to a weapon found in co-defendant [sic] car during traffic stop, or that the drug amount was being increased due to co-defendants [sic] statements assertions [sic] during interviewed [sic]"; (2) "demonstrated

---

[5] In subsequent correspondence dated October 15, 2020, Movant claimed that he placed the motion in the mail on May 21, 2020. (*See* No. 3:20-CV-1438-M-BH, doc. 10 at 1.)

ineffectiveness by not requesting/ or suppressing the gun or drugs"; (3) "failed to inform him of

the nature of the charges against him when [Movant] decided to accept a guilty plea"; and (4)

"allowed the government and the Court to hear or/and present evidence contrary to the truth." (*Id.*,

doc. 17 at 13-14, 20.)

When a responsive pleading has already been filed, as here, Federal Rule of Civil

Procedure 15(a) permits a party to amend his pleading only with either the opposing party's written

consent or the court's leave.  Under this rule, the court should freely give leave when justice

requires.  Fed. R. Civ. P. 15(a)(2).  Leave to amend should not be denied "unless there is a

substantial reason to do so." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (citation and

internal quotation marks omitted).  The supplemental § 2255 motion is liberally construed as a

motion to amend, the motion to amend is granted, and the new claims are considered.

### 1.  *Relation Back*

Rule 15 provides for the relation back of amendments filed after the expiration of the

limitations period to the date of the original pleading when the claim asserted in the proposed

amended pleading arises out of the same conduct, transaction, or occurrence.  *See* Fed. R. Civ. P.

15(c)(1); *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (recognizing that Rule 15

applies in § 2255 proceedings).  Habeas claims do not automatically arise of the same occurrence

for purposes of Rule 15 merely because they arise out of the same trial and conviction, however.

*See Mayle v. Felix*, 545 U.S. 644, 661-64 (2005) (holding that an amended habeas petition under

28 U.S.C. § 2254 "does not relate back (and thereby escape AEDPA's one-year time limit) when

it asserts a new ground for relief supported by facts that differ in both time and type from those

the original pleading set forth."); *United States v. Duffus*, 174 F.3d 333, 338 (3d Cir. 1999) ("A

prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely

because he asserted a separate claim within the limitations period."); *see also Sharper v. Dretke*, No. 3:01-CV-1405-P, 2004 WL 1074068, at *4-5 (N.D. Tex. May 12, 2004), *rec. adopted*, 2004 WL 1348592 (N.D. Tex. June 14, 2004).  Further, "[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision.  Rather, [courts] must look to whether [the movant's] new claim asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'"  *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) (quoting *Mayle*, 55 U.S. at 650).

Movant's original § 2255 motion generally alleges that appellate counsel was ineffective for failing to raise claims on appeal relating to: (1) sentencing objections; (2) entrapment and falsified statements; (3) subject matter jurisdiction; and (4) trial counsel's failure to object to the Government's presentation, and the Court's consideration, of alleged inconsistent statements of his co-defendant.  (*See* No. 3:20-CV-1438-M-BH, doc. 1 at 6-7.)

To the extent the fourth claim in Movant's Amended Ground 4, which contends that trial counsel "allowed the government and the Court to hear or/and present evidence contrary to the truth," may be liberally construed as pertaining to the statements made by the co-defendant regarding the firearm recovered during the criminal investigation, it appears to involve the same operative facts underlying his initial claim that appellate counsel was ineffective for "fail[ing] to appeal trials [sic] attorney's failer [sic] to object to the Court allowing the government to submitt [sic] a [sic] inconsistent, non recorded [sic] statement, that was said to have been given at two conflicting times."  (*Id.*, doc. 1 at 6-7; *id.*, doc. 17 at 18.)  It therefore relates back to Movant's original § 2255 motion.

The facts underlying Amended Grounds 1 through 3, and the first three claims of Amended

Ground 4, however, differ in type from and do not arise out of the same "conduct, transaction, or occurrence set out—or attempted to be set out" in his original § 2255 motion. *Gonzalez*, 592 F.3d at 679. As a result, they do not relate back to the original § 2255 motion and are untimely in the absence of equitable tolling, or an applicable exception to the statute of limitations.

### 2. *Equitable Tolling*

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).

In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Movant bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant's amended § 2255 motion provides no basis for tolling the limitations period. Because he has not met his burden to establish circumstances warranting equitable tolling, his Amended Grounds 1, 2, and 3, and the first three claims in Amended Ground 4, should be denied as untimely.

### 3.  *Actual Innocence*

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the one-year statute of limitations under the "miscarriage of justice" exception to a procedural bar.  A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the movant guilty beyond a reasonable doubt in light of the newly discovered evidence and the evidence presented at trial.  *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386).  The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered.  *McQuiggin*, 569 U.S. at 399-400.  "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'"  *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met."  *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea

case, as here. *See Thomas v. Stephens*, No. 4:13-CV-875-A, 2014 WL 929031, at *3 n.3 (N.D. Tex. Mar. 7, 2014) (citing cases). Even if it does, Movant does not allege that he is actually innocent of the offense of conviction, and his claims do not present evidence of actual innocence. Accordingly, he cannot overcome the applicable AEDPA limitations period based on actual innocence, and his Amended Grounds 1, 2, and 3, and the first three claims in Amended Ground 4, should be denied as untimely.

## IV.    INEFFECTIVE ASSISTANCE OF COUNSEL

In his original § 2255 motion, Movant contends that appellate counsel rendered ineffective assistance. (*See* No. 3:20-CV-1438-M-BH, doc. 1 at 4-7.) In his only timely amended claim, he contends that trial counsel rendered ineffective assistance. (*See id.*, doc. 17 at 18.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be

determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Lucey*, 469 U.S. at 396. Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*. Under *Strickland*, the movant must show a reasonable probability that but for counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and internal citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge

"would have been sufficiently meritorious such that [counsel] should have raised it on appeal."

*Phillips*, 210 F.3d at 348.

A.      **Appellate Counsel**

      *1. Sentencing Enhancements*

Movant contends that he "adamantly requested his counsel to raise the preserved sentencing issues on appeal." (No. 3:20-CV-1438-M-BH, doc. 1 at 5-6.) Although he does not identify these "preserved sentencing issues," he includes a letter to appellate counsel stating:

> I asked you to Appeal the objection to the Minor Role. Under the Amendment 794 I qualify for the 2 point deduction. I asked you to appeal the 2 point enhancement for the gun. Law states initial arrest and statements hold in court. [sic] My co-defendant stated the gun was his and I only plead [sic] guilty for the drugs. I ask you to give a [sic] oral arguement [sic] on the Mixture and Actual on Meth[.]

(*Id.*, doc. 1 at 16.)

Movant has not provided any facts or evidence to show that he was entitled to a two-level mitigating role reduction under Amendment 794 to the sentencing guidelines; his conclusory statements are insufficient to show entitlement to relief under § 2255.[6] *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"). Regarding his challenge to the two-level firearm enhancement on the basis that it belonged to his co-defendant and that he only pled guilty to the drugs, the Fifth Circuit has held that "[i]t is irrelevant that [the defendant] may not have known about the co-conspirator's firearms or possessed them" where the defendant did not dispute that a co-conspirator

---

[6] Amendment 794 to the sentencing guidelines, effective November 1, 2015, amended the commentary to § 3B1.2 to "provide[ ] additional guidance to sentencing courts in determining whether a mitigating role adjustment applies." U.S.S.G. app. C, amend. 794 (Supp. Nov. 1, 2015). It was already in effect at the time of Movant's sentencing, and he alleges no facts or evidence showing that its guidance was not considered. (*See* doc. 55-1 at ¶ 26.)

knowingly possessed firearms when the charged offense was committed. *United States v. Gutierrez*, No. 21-51227, 2022 WL 4563343, at *1 (5th Cir. Sept. 29, 2022) (citing *United States v. Garza*, 118 F.3d 278, 285-86 (5th Cir. 1997), and *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010)). Regarding his request that appellate counsel "give a [sic] oral argument," Movant does not allege any claim on appeal that appellate counsel could or should have raised regarding "the Mixture and Actual on meth[.]" (No. 3:20-CV-1438-M-BH, doc. 1 at 16.) Because his conclusory allegations do not demonstrate "[s]olid, meritorious arguments based on directly controlling precedent" that appellate counsel should have raised on direct appeal relating to these sentencing issues, he fails to show that counsel's performance was deficient under *Strickland*. *Williamson*, 183 F.3d at 463.

Movant also fails to allege and show *Strickland* prejudice, i.e., a reasonable probability that he would have prevailed on his appeal had appellate counsel argued the mitigating role adjustment, firearm enhancement, or methamphetamine quantities on appeal. His conclusory allegations of prejudice are insufficient to satisfy his burden under *Strickland*. *See Miller*, 200 F.3d at 282. Movant fails to satisfy both *Strickland* prongs, and this conclusory claim should be denied.

### 2. *Entrapment and Falsifying Statements*

Movant contends that appellate counsel "refused and rebuffed [Movant] claiming that he had no chance in winning the issues under failuer [sic] to prove entrapment [ ] or falsifying statements." (No. 3:20-CV-1438-M-BH, doc. 1 at 6.) Although the basis of this claim is unclear, he alleges that "the government never explained the reason for the third person never being a part of [Movant's] conspiracy." (*Id.*) He claims that the Government "stated for the record in a written statement that, 'they followed an unidentified subject, that was known for selling drugs, to a store where the "unidentified" subject met with [Movant] and his codefendant.'" (*Id.*)

To demonstrate entrapment, a defendant must make "an initial showing that he lacked the predisposition to commit the crime, that is, that he lacked the willingness to 'commit the offense before first being approached by government agents.'" *United States v. Smith*, 481 F.3d 259, 262-63 (5th Cir. 2007) (quoting *United States v. Bradfield*, 113 F.3d 515, 522 (5th Cir. 1997)). He must also show that "the government's conduct created a substantial risk that an offense would be committed by a person other than one ready to commit it." *Id.* at 263 (quoting *Bradfield*, 113 F.3d at 521).

Here, the PSR set out the offense conduct based on an independent investigation by a USPO officer, information gathered from court filings, investigative materials from the DEA and local sheriff's office, and an interview with a DEA agent for clarification and corroboration of investigative materials. (*See* doc. 55-1 at ¶ 10.) It stated that investigators established surveillance at the home of an unidentified individual (UI) who was suspected of being involved in methamphetamine distribution. (*See id.* at ¶ 11.) UI drove to a gas station convenience store and parked next to the vehicle occupied by Movant and the co-defendant; Movant exited the passenger side of the vehicle and approached UI before rejoining the co-defendant a short time later; both cars drove off separately; and Movant and the co-defendant were later stopped and arrested by law enforcement officers who found the drugs underlying Movant's offense in a search of the vehicle. (*See id.* at ¶¶ 11-17.)

Movant does not provide any facts or evidence to show entrapment or any falsified statements, and he admitted in his factual resume that he and the co-defendant went to a gas station to pick up methamphetamine from a distributor. (*See* doc. 35 at 2.) He has not provided a meritorious basis on which appellate counsel could have raised a defense of entrapment or falsified

statements on appeal.[7]  Because counsel is not deficient for failing to raise a meritless argument

on appeal, Movant has failed to satisfy the first *Strickland* prong.  *See Phillips*, 210 F.3d at 348.

Even if appellate counsel's performance had been deficient, he failed to allege and show a

reasonable probability that but for the deficient performance, he would have prevailed on his

appeal.  Movant is not entitled to § 2255 relief on this claim, and it should be denied.

### 3.  *Subject-Matter Jurisdiction*

Movant appears to contend that appellate counsel was ineffective for failing to argue on

appeal that the Government "never made know [sic] to the court its official rights to subject matter

jurisdiction."  (No. 3:20-CV-1438-M-BH, doc. 1 at 6.)

"Under 18 U.S.C. § 3231, '[t]he district courts of the United States. . . have original

jurisdiction. . . of all offenses against the laws of the United States.'"  *United States v. Scruggs*,

691 F.3d 660, 667 (5th Cir. 2012) (quoting 18 U.S.C. § 3231) (*Scruggs I*).  "Subject matter

jurisdiction, or the court's power to hear a case, is straightforward in the criminal context."  *United*

*States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013) (citation and internal quotation marks omitted)

(*Scruggs II*).  It is determined by looking at the indictment or information.  *See Scruggs I*, 691 F.3d

at 667-68.  "[A] federal criminal case is within the subject matter jurisdiction of the district court

if the indictment charges . . . that the defendant committed a crime described in Title 18 or in one

of the other statutes defining federal crimes."  *Scruggs II*, 714 F.3d at 262 (citation and internal

quotation marks omitted).  Title 21 of the United States Code is one such statute defining federal

crimes that would result in a federal criminal case being within a district court's subject-matter

---

[7] To the extent Movant attempts to support his claim by implying that UI was a government agent because he was not charged in the conspiracy and or identified, his unsubstantiated speculation is not supported by the record and is insufficient to warrant habeas relief.  *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").  His claim is therefore without merit on this additional basis.

jurisdiction. *See United States v. Rojas*, 812 F.3d 382, 390 n.2 (5th Cir. 2016) ("The indictment charged the defendants with committing federal crimes under Title 21 of the United States Code. Thus, the district court had subject-matter jurisdiction under 18 U.S.C. § 3231.").

Here, the indictment charged Movant with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), 846. (*See* doc. 1.) The Court therefore had subject-matter jurisdiction in the underlying criminal case. *See Rojas*, 812 F.3d at n.2. Because it had subject-matter jurisdiction, Movant has not shown that challenging subject-matter jurisdiction was meritorious, and appellate counsel is not deficient for failing to raise this meritless claim on direct appeal. *See Phillips*, 210 F.3d at 348. He also has failed to show *Strickland* prejudice. *See, e.g.*, *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument. . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Movant has failed to satisfy both *Strickland* prongs, and this claim should be denied.

### 4. Inconsistent Statements

Movant contends that appellate counsel "also failed to appeal trials [sic] attorney's failer [sic] to object to the Court allowing the government to submitt [sic] a [sic] inconsistent, non recorded [sic] statement, that was said to have been given at two conflicting times." (No. 3:20-CV-1438-M-BH, doc. 1 at 6-7.) He appears to allege that the challenged statement was about "who was and was not present, stating that the gun that was taken off of [Movant's] codefendant belonged to himsef [sic]. [Y]et when questioned where did he get it [ ] it was to have been said that he got it from [Movant]." (*Id.*, doc. 1 at 7.) He claims that "this caus[ed] an upward departure in [Movant's] offence [sic] level," and points out that "[e]ven the court reasond [sic] with the government on this matter for understanding." (*Id.*) Based on his allegations, Movant appears to

be referring to statements made to law enforcement by his co-defendant and testimony about them at the sentencing hearing.

The record shows that the co-defendant gave two statements to law enforcement on August 9, 2016, in which he mentioned the firearm found by law enforcement during a search of the vehicle during the underlying criminal investigation. (*See* doc. 95 at 10-11; doc. 97 at 3, 9.) A DEA investigation report indicates that the co-defendant admitted during a post-arrest interview, "that the pistol located in the vehicle belonged to him [the co-defendant]." (doc. 97 at 3.) The same day, he also completed a written statement in which he stated that he and Movant "both new [sic] what was in the truck," and the "gun was given to me bye [sic] [Movant] a few days ago." (*Id.* at 9.) At the sentencing hearing, Movant's counsel claimed that the co-defendant's statements about the firearm were inconsistent, and that Movant stated he did not give the firearm to his co-defendant and did not know it was in the vehicle. (*See* doc. 95 at 6.) To resolve the discrepancy, the Court questioned a DEA agent who testified that he was present during the post-arrest interview of the co-defendant; he was emphatic and certain the co-defendant said during the interview both that the firearm belonged to him and that he got it from Movant; he was not sure why the co-defendant's interview statement that he got the firearm from Movant was left out of the DEA investigation report; and he believed the co-defendant, and not Movant, was telling the truth about the firearm. (*See id.* at 7-13.)

Here, Movant has not identified any valid basis on which trial counsel could have further objected to the agent's testimony about the co-defendant's statements. Even if he had, whether the firearm came from Movant and whether he knew that it was in the vehicle he occupied with the co-defendant is not relevant to the application of the two-level firearm enhancement under § 2D1.1(b)(1) in his case, as discussed. *See Gutierrez*, 2022 WL 4563343, at *1. Accordingly,

Movant has failed to show a meritorious claim that appellate counsel could or should have raised on appeal relating to the alleged bases on which trial counsel failed to object.[8] He also fails to allege and show a reasonable probability that the outcome of his appeal would have been different had appellate counsel appealed on the basis alleged. He therefore has not satisfied his burden under *Strickland*, and the claim should be denied.

**B.     Trial Counsel**

In the fourth claim in Amended Ground 4, Movant contends that trial counsel was ineffective because she "allowed the government and the Court to hear or/and present evidence contrary to the truth." (No. 3:20-CV-1438-M-BH, doc. 17 at 18.)

To the extent Movant is referring to the evidence and testimony at the sentencing hearing relating to his co-defendant's statements to law enforcement about the firearm,[9] and assuming for purposes of this motion only that trial counsel rendered deficient performance as alleged, *Strickland* also requires a showing of prejudice. To show prejudice in the sentencing context, a movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice."). One cannot satisfy the second prong of *Strickland* with

---

[8] In his amended § 2255 motion, Movant attaches an undated statement purportedly from his co-defendant stating that he is writing "[i]n reguards [sic] to the (Aug. 2016) traffic stop because my (associate) [Movant] . . . [sic] was not aware of nor did he have any knowledge of the contince [sic] of the car (SUV)." (No. 3:20-CV-1438-M-BH, doc. 17 at 28.) Even assuming for purposes of this motion only that the statement is what it purports to be, and that trial or appellate counsel knew or should have known about it, Movant's claim still fails because his knowledge of the firearm's presence was not relevant to the application of the enhancement in his case. Accordingly, he cannot show *Strickland* prejudice based on appellate counsel's alleged deficiency, and his claim should be denied on this additional basis to the extent the purported statement is considered.

[9] To the extent Movant intended to challenge other alleged evidence that was "contrary to the truth" in this claim, he has not identified the evidence or shown that any claim involving it relates back to any timely claim in his original § 2255 motion. Any such conclusory claim does not warrant § 2255 relief and should be denied.

mere speculation and conjecture.  *See Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).

Here, Movant has not provided any facts or evidence showing that his sentence would have been less harsh absent trial counsel's alleged deficiency.  Additionally, the firearm enhancement was applicable even if the firearm was possessed by his co-conspirator and Movant lacked knowledge of its presence in the vehicle, as explained.  *See Gutierrez*, 2022 WL 4563343, at *1. He therefore has failed to show *Strickland* prejudice, and his claim should be denied.

## V.    EVIDENTIARY HEARING

To the extent Movant seeks an evidentiary hearing on his claims, no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted).  "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing."  *Ross*, 694 F.2d at n.2.

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue.  He also has failed to come forward with independent indicia in support of the likely merit of his claims.  *See Reed*, 719 F.3d at 373.  He has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## VI.    RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on June 1, 2020, (doc. 1), should be **DENIED** with prejudice.

**SIGNED this 7th day of June, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE